■ ROSE FACTORS CO., Respondent, v. CHARLES H. SCHWARZ et al., Appellants, et al., Defendants.— In an action to foreclose a mortgage on real property in which the defense of usury has been interposed, the defendants Schwarz appeal: (a) from an order of the County Court, Nassau County, dated June 20, 1961, which granted plaintiff's motion for summary judgment striking out said defendants' answer, directed a reference to compute the amount due and directed the subsequent entry of judgment of foreclosure and sale; and (b) from so much of an order of said court, dated the same day, as, upon reargument, adhered to the original decision. Order made on reargument, insofar as appealed from, reversed, with $10 costs and disbursements, and plaintiff's motion for summary judgment denied, with $10 costs. Appeal from the original order dismissed, without costs. This order was superseded by the later order made on reargument. In our opinion, the record discloses triable issues of fact as to whether the transactions were, in fact, loans to the said defendants Schwarz in violation of section 370 *et seq.* of the General Business Law, rather than loans to Cassel Custards, Inc., a corporation (*Shapiro* v. *Weissman,* 7 A D 2d 752). Hence, it was improper to grant summary judgment; the issues should be determined after trial. Ughetta, Acting P. J., Kleinfeld, Christ, Brennan and Hopkins, JJ., concur.

■ NATHAN SCHWARTZ, Respondent, v. COMPANIA AZUCARERA VERTIENTES-CAMAGUEY DE CUBA, Appellant, and PETER L. F. SABBATINO, as Temporary Receiver of the New York Assets, Respondent.— In an action under section 977-b of the Civil Practice Act to obtain the appointment of a permanent receiver of the New York assets of the defendant, a foreign corporation organized under the laws of Cuba, in which a temporary receiver has been appointed pursuant to said section, the said corporation appeals from so much of an order of the Supreme Court, Kings County, dated May 16, 1961, as granted the motion of the temporary receiver to the extent of authorizing him to pay out of the funds in his possession certain expenses, set forth in a Schedule "A", attached to the moving papers, in the aggregate amount of $595.37. Order affirmed, with $10 costs and disbursements to respondent Sabbatino, as temporary receiver (cf. *Meltzer* v. *Grazi,* 10 A D 2d 869, appeal dismissed, 8 N Y 2d 911). We have previously determined appeals from other orders in this action (*Schwartz* v. *Compania Azucarera,* 12 A D 2d 506; 14 A D 2d 582). Beldock, P. J., Kleinfeld, Brennan, Hill and Rabin, JJ., concur.

■ WILLIAM TOMASELLO, as Stockholder of and on Behalf of All Stockholders Similarly Situated of, and on Behalf of BEACH HAVEN APARTMENTS NO. 1, INC., et al., Respondents, v. FRED C. TRUMP et al., Appellants.— In a stockholder's action for an accounting and other relief, defendants appeal from an order of the Supreme Court, Queens County, dated November 28, 1961, which denied their motion: (1) for a separate and prior trial of their separate defense and counterclaim based on an alleged settlement agreement, and (2) for a limitation of their examination before trial to the issues relating to the settlement agreement. Order affirmed, with $10 costs and disbursements; the examination to proceed on 20 days' notice, or on a day to be mutually fixed by the parties. No opinion. Beldock, P. J., Ughetta, Christ, Hill and Hopkins, JJ., concur.